IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMELIA TJOKROWIDJOJO** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 20-6564 |
| | : | |
| **KLEBER X. SAN LUCAS,** *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                           **March 25, 2021**

The employer of a freightliner driver allegedly causing serious personal injury while driving in the scope of his job moves for judgment before discovery in its favor on a negligent hiring, retaining, or supervising claim against it.  Unlike cases dismissing negligent hiring or supervising claims against employers where the injured person does not plead facts from which we could plausibly infer an ability to recover punitive damages, the injured person before us today pleads sufficient facts to allow her to proceed into discovery on her negligent hiring, retaining and supervising claim.  We deny the employer's motion for judgment on the pleadings on the injured person's negligent hiring, retaining, and supervising claim against the employer.

**I.     Alleged facts**

Kleber X. San Lucas drove a freightliner on January 14, 2020 while acting within the course and scope of his employment with Real Trucking Inc.[1] He collided his freightliner with Amelia Tjokrowidjojo's car while acting within the scope of his employment.[2] The collision spun Ms. Tjokrowidjojo's car in front of Mr. San Lucas's freightliner and the freightliner continued to push Ms. Tjokrowidjojo's car.[3] Mr. San Lucas heard the collision but believed he blew out one of his tires. He did not realize his driving continued to push Ms. Tjokrowidjojo's car.[4] Ms. Tjokrowidjojo claims Mr. San Lucas failed to activate his turn signal and failed to

properly observe Ms. Tjokrowidjojo's car.[5] The police cited Mr. San Lucas for failing to drive within a single lane and/or unsafely moving from a lane.[6]

Ms. Tjokrowidjojo suffered a cervical injury, lumbar injury, left thumb injury, left hand injury, cervical radiculopathy, lumbar radiculopathy, and an impairment of her hearing capacity/potential.[7] Ms. Tjokrowidjojo incurred hospital and medical expenses. Medical professionals continue to treat her.[8] Ms. Tjokrowidjojo's injuries also cause her to sustain a loss of the everyday pleasures and enjoyments of life and cause her to suffer embarrassment and humiliation.[9]

Ms. Tjokrowidjojo sued Mr. San Lucas and Real Trucking alleging: (1) Mr. San Lucas acted negligently in operating the freightliner; (2) Real Trucking is vicariously liable for Mr. San Lucas' negligence; and (3) Real Trucking acted negligently in hiring, retaining, and supervising Mr. San Lucas.[10] Real Trucking admitted Mr. San Lucas acted within the course and scope of his employment with Real Trucking at the time of the accident.[11]

**II.   Analysis**

Real Trucking moves for judgment on the pleadings on Ms. Tjokrowidjojo's negligent hiring, retaining, and supervising claim.[12] It argues (1) Real Trucking admits Mr. San Lucas acted within the scope of his employment at the time of the accident and (2) Ms. Tjokrowidjojo does not have a claim for punitive damages. Ms. Tjokrowidjojo responds Real Trucking's motion is premature, as only through discovery can Ms. Tjokrowidjojo obtain Mr. San Lucas' driving file, Real Trucking's driver manual, and Real Trucking's policies and procedures regarding hiring and discipline.[13] We agree and find Ms. Tjokrowidjojo states a claim for punitive damages at this preliminary stage. We deny Real Trucking's motion for judgment on the pleadings.

While the Pennsylvania Supreme Court has not addressed the issue, federal courts in Pennsylvania have found "a plaintiff cannot pursue a claim against an employer for negligent entrustment, hiring, supervision, or training when the employer admits that its employee was acting within the scope of employment when the accident occurred."[14] An exception to this rule exists "when a plaintiff has made punitive damages claims against the supervisor defendant."[15] This exception to the general rule exists because "where in a negligent entrustment or hiring case the plaintiff alleges that defendant's action was indifferent to the consequences and claims punitive damages, this becomes an important additional element to his case."[16] Courts refer to this rule as the Majority Rule.[17]

Ms. Tjokrowidjojo acknowledges federal courts in Pennsylvania apply the Majority Rule but argues we should not apply the Majority Rule because the Pennsylvania Supreme Court never addressed the issue directly.[18] We disagree and find no reason to divert from the Majority Rule. Because Real Trucking admits Mr. San Lucas acted within the course and scope of his employment with Real Trucking at the time of the accident, we turn to whether Ms. Tjokrowidjojo has a valid claim for punitive damages.

Real Trucking argues Ms. Tjokrowidjojo has not asserted a claim for punitive damages.[19] Under Pennsylvania law, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."[20] Punitive damages are not awarded for ordinary negligence.[21] "Punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured."[22] To state a claim for punitive damages under Pennsylvania

law, "the pleadings must allege facts sufficient to demonstrate evil motive or reckless indifference to the rights of others."[23]

"Courts routinely deny requests to dismiss punitive damages claims in motor vehicle accident cases at the outset of litigation[,]"[24] and federal courts in Pennsylvania have frequently analyzed the punitive damages prong of the Majority Rule on summary judgment.[25] In support of their argument, Real Trucking notes the Majority Rule applied before discovery in *Sterner v. Titus Transp., LP* and on a motion to dismiss in *Miller v. M.H. Malueg Trucking Co., LLC*.[26] But the facts in both *Sterner* and *Miller* are distinguishable from Ms. Tjokrowidjojo's facts.

In *Sterner*, Judge Caputo granted judgment on the pleadings on a negligent entrustment, instruction, supervision, monitoring, and hiring claim where a trucking company admitted a driver acted within the scope of his employment at the time of an accident and the plaintiff admitted he could not seek punitive damages.[27] The employer trucking company in *Sterner* filed bankruptcy after the plaintiff initiated the lawsuit, and importantly, the plaintiff agreed to not seek punitive damages.[28] In *Miller*, Judge Colville dismissed a claim of negligent hiring, training, monitoring, and supervising where a trucking company admitted its driver acted within the scope of his employment at the time of an accident and plaintiff admitted she had not pled facts to support a claim for punitive damages, as she did not have the opportunity to find all requisite evidence to support a claim for punitive damages at the time of filing.[29] Upon this admission, Judge Colville found "Plaintiff has not claimed punitive damages, nor does she name[] any allegations that could serve as the predicate for punitive damages; and therefore, she may not pursue a direct negligence claim against [Defendant].[30]

Like *Miller*, in *Whetstone v. Malone Bussing Services*, Judge Horan dismissed a negligent entrustment claim against a bussing company.[31] In *Whetstone*, a tour bus struck a tractor trailer,

4

and the truck driver sued the bussing company.[32] The truck driver alleged the bus driver acted within the scope of his employment with the bus company and the bus company agreed.[33] Judge Horan found the truck driver failed to state a claim for punitive damages because his claims "offer[ed] only conclusory allegations of recklessness."[34] Judge Horan dismissed because an agency relationship existed between the bus company and the bus driver, and the truck driver had no claim for punitive damages.[35]

Ms. Tjokrowidjojo's allegations are not like *Sterner, Miller,* and *Whetstone.* Ms. Tjokrowidjojo did not agree to forgo a claim of punitive damages nor does she admit she failed to state a claim for punitive damages. Ms. Tjokrowidjojo seeks "all damages allowed under the laws of the Commonwealth of Pennsylvania from Real Trucking in an amount in excess of $50,000 under the applicable statutes of the Commonwealth of Pennsylvania and the local rules of court."[36] She alleges the negligence and carelessness of Real Trucking in hiring and continuing to employee Mr. San Lucas resulted in her harm.[37] Although Ms. Tjokrowidjojo does not use the correct language, she pleads sufficient facts to state a claim for punitive damages.

Unlike *Whetstone*, Ms. Tjokrowidjojo offers more than conclusory allegations of recklessness. Ms. Tjokrowidjojo alleges Real Trucking hired and continued to employee Mr. San Lucas despite knowing, among other things: (1) his driving record made him unfit to safely operate the vehicle; (2) he lacked the proper qualifications and training; and (3) he posed a risk of danger to others on the roadway.[38] Ms. Tjokrowidjojo also alleges Real Trucking failed to properly train Mr. San Lucas before allowing him to operate the truck, failed to enforce Real Trucking's policies, and failed to ensure employees complied with the rules, laws, and regulations governing the operation of commercial vehicles.[39] Ms. Tjokrowidjojo alleges she

suffered harm because of Real Trucking's actions.[40] Ms. Tjokrowidjojo pleads sufficient facts to state a claim for punitive damages at this stage based solely on a review of allegations.

Real Trucking also argues dismissal of Ms. Tjokrowidjojo's direct negligence claim will "streamline discovery and the issues in this case."[41] Real Trucking claims if we do not grant their motion for judgment on the pleadings, we will permit Ms. Tjokrowidjojo to "go on a fishing expedition for highly irrelevant, prejudicial, and inadmissible information."[42] We disagree.

In *Almond v. Sugarcreek Cartage Co.*, Judge Schwab addressed a similar argument and denied a trucking company's motion to dismiss a negligent hiring claim.[43] A tractor trailer collided with a stationary vehicle, and the driver of the stationary vehicle sued the trucking company.[44] The trucking company admitted an agency relationship existed between the trucking company and the driver and moved to dismiss.[45] Judge Schwab explained the Court is not constrained to dismiss negligent hiring claims on a motion to dismiss based upon an admission of vicarious liability, but it "is within the Court's discretion to do so."[46] The trucking company argued the negligent hiring claims were "superfluous" and "inadmissible" but Judge Schwab noted '[a]ny risk of the admission of 'superfluous' or 'inadmissible' evidence that may create 'significant prejudice to the employee,' identified by [Defendant], along with the need to conserve the time and resources of the Court and Parties, is mitigated by the early stage of this litigation, and the ability of the Parties to both add claims and defenses (including a viable claim for punitive damages, which would affect the present Motion) and choose to dismiss the same."[47]

Like in *Sugarcreek Cartage Co.*, we find risk of discovering irrelevant, prejudicial, and inadmissible information and the need to conserve time and resources by streamlining discovery and the issues in this case is mitigated by the early stage of litigation and the ability of both Ms. Tjokrowidjojo and Real Trucking to add claims and defenses. Dismissing Ms. Tjokrowidjojo's

negligent hiring, retaining, and supervising claim is not proper at this early stage of litigation. We deny Real Trucking's motion for judgment on the pleadings.

### III. Conclusion

We deny Real Trucking's motion for judgment on the pleadings. Ms. Tjokrowidjojo states a claim for punitive damages and dismissing her claim is not warranted at this time.

---

[1] ECF Doc. No. 1-1 at ¶¶ 6, 11.

[2] *Id*. at ¶¶ 13, 16.

[3] *Id*. at ¶ 17.

[4] *Id*. at ¶ 18.

[5] *Id*. at ¶¶ 14-15.

[6] *Id*. at ¶ 22.

[7] *Id*. at ¶¶ 23, 31.

[8] *Id*. at ¶¶ 20, 30, 26.

[9] *Id*. at ¶¶ 28-29.

[10] ECF Doc. No 1-1.

[11] *Id*. at ¶ 6.

[12] A party may move for judgment "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). In so doing, "the moving party must show that no issues of material fact exist and that judgment should be entered in its favor as a matter of law." *Collinson v. City of Philadelphia,* No. 12-6114, 2015 WL 221070, at *1 (E.D. Pa. Jan. 14, 2015) (quoting *S.B. v. United of Omaha Life Ins. Co.*, No. 13-1463, 2013 WL 2915973, at *3 (E.D. Pa. June 13, 2013)). The standard applied to motions under Rule 12(c) is the same standard as applied to motions to dismiss under Rule 12(b)(6). *Szczurek v. Prof'l Mgmt., Inc.,* 59 F.Supp.3d 721, 724 (E.D. Pa. 2014). A Rule 12(c) motion "should not be granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 271 (3d Cir. 2014) (internal quotations and citations omitted).

[13] ECF Doc. No. 22 at 4.

[14] *Sterner v. Titus Transp., LP*, No. 10-2027, 2013 WL 6506591, at *3 (M.D. Pa. Dec. 12, 2013) (quoting *Peterson v. Johnson*, No. 11-804, 2013 WL 5408532, at *1 (D.Utah Sept. 25, 2013)).

[15] *Testa v. Senn Freight Lines, Inc.*, No. 14-117, 2016 WL 465459, at *3 (E.D. Pa. Feb. 8, 2016) (quoting F*ortunato v. May*, No. 04-1140, 2009 WL 703393, at *5 (W.D. Pa. Mar. 16, 2009)).

[16] *Sterner*, 2013 WL 6506591, at *5 (quoting *Holben v. Midwest Emery Freight Sys., Inc.,* 525 F.Supp. 1224, 1224–25 (W.D.Pa.1981)).

[17] *See Sterner*, 2013 WL 6506591, at *4; *Miller v. M.H. Malueg Trucking, Co., LLC.*, No. 20-413, 2021 WL 858456, at *3 (W.D. Pa. Mar. 8, 2021).

[18] ECF Doc. No. 22 at 2-3.

[19] ECF Doc. No. 16-2 at 7.

[20] *Hutchison ex rel. Hutchison v. Luddy,* 870 A.2d 766, 770-71 (Pa. 2005) (quoting *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)).

[21] *Antonelli v. Youth Educ. in the Arts!,* No. 19-3927, 2020 WL 1042424, at *7 (E.D. Pa. Mar. 3, 2020) (citing *Hutchison ex rel. Hutchison,* 870 A.2d at 770).

[22] *Id*.

[23] *Mulholland v. Gonzalez*, No. 08-3901, 2008 WL 5273588, at *2 (E.D. Pa. Dec. 18, 2008).

[24] *Harvell v. Brumberger*, No. 19-2124, 2020 WL 6947693, at *8 (M.D. Pa. Nov. 4, 2020), *report and recommendation adopted,* 2020 WL 6946575 (M.D. Pa. Nov. 25, 2020) (citing *Kerlin v. Howard*, No. 18-481, 2018 WL 4051702, at *1 (M.D. Pa. Aug. 24, 2018)).

[25] *See Holben*, 525 F.Supp. at 1224-1225 (denying motion for summary judgment because genuine issue of material fact exists where "[trucking company] was aware of its employee's driving record, including several accidents, traffic violations, and a discharge by a prior employer because of his accident record while employed by it."); *Burke v. TransAm Trucking, Inc.*, 605 F. Supp. 2d 647, 656 (M.D. Pa. 2009) (finding summary judgment on punitive damages claims not warranted at this time because "genuine issue of material fact exists as to [trucking company's] subjective appreciation of the risk of permitting [truck driver] to drive despite his history of speeding, driving over hours and log falsification."); *Achey v. Crete Carrier Corp.*, No. 073592, 2009 WL 9083282, at *7–8 (E.D.Pa. Mar.30, 2009) (granting summary judgment "because Defendants have admitted the existence of an agency relationship and Plaintiff's negligent entrustment punitive damages claims fail."); *Testa*, 2016 WL 465459, at *2-4 (granting summary judgment where trucking company conceded an agency relationship with truck driver

---

and no valid claim for punitive damages exists because "claims for recklessness and punitive damages against defendants were subsequently stricken by agreement.").

[26] ECF Doc. No. 16-2 at 6.

[27] *Sterner*, 2013 WL 6506591, at *5.

[28] *Id.* at *2.

[29] *Id.*

[30] *Id.*

[31] *Whetstone v. Malone Bussing Servs.*, No. 19-71, 2019 WL 1459022, at *3 (W.D. Pa. Apr. 2, 2019).

[32] *Id.* at *1.

[33] *Id.* at *3.

[34] *Id.* at *2.

[35] *Id.* at *3.

[36] ECF Doc. No 1-1 at 15.

[37] *Id.* at ¶ 42.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] ECF Doc. No 23 at 3.

[42] *Id.*

[43] *Almond v. Sugarcreek Cartage Co.*, No. 15-699, 2015 WL 4957125, at *3 (W.D. Pa. Aug. 19, 2015).

[44] *Id.* at *1.

[45] *Id.* at *2.

---

[46] *Id.* at *3.

[47] *Id.*