# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| AMELIA TJOKROWIDJOJO | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 20-6564 |
| KLEBER X. SAN LUCAS, *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                               **April 21, 2021**

An injured woman seeks compensatory and punitive damages for personal injuries arising with a freightliner driven by a man looking at his cellphone collided with her car and pushed her car forward for almost thirty seconds. She pleads the freightliner driver's potential recklessness by, among other things. looking at his cellphone while driving a freightliner for so long as to push her car for about thirty seconds without noting her presence. Her allegations pertain to this issue. The freightliner driver and his employer now move to dismiss the punitive damages claim arguing looking at his cellphone while driving a freightliner is not, in and of itself, grounds for punitive damages. We reviewed the specific allegations and disagree. The injured woman pleads facts giving rise to potential liability for punitive damages under Pennsylvania law at this early stage. The freightliner driver and his employer may later move for summary judgment should the evidence adduced in discovery not support these allegations. We also deny the freightliner driver's and his employer's motion for more definitive statement or to strike.

I.      Alleged facts

Truck driver Kleber X. San Lucas used his cell phone while driving a freightliner in the course and scope of his employment with Real Trucking, Inc. on January 14, 2020.[1] Mr. San Lucas knew he could not use his cell phone while driving a freightliner. Mr. San Lucas then changed lanes without signaling and hit Amelia Tjokrowidjojo's car.[2] The collision spun Ms. Tjokrowidjojo's car in front of Mr. San Lucas's freightliner.[3] Mr. San Lucas, who heard a loud bang but did not see the collision, believed he blew out one of his tires.[4] He continued driving for about thirty seconds before stopping not realizing he was pushing Ms. Tjokrowidjojo's car.[5] The police came and cited Mr. San Lucas for failing to drive within a single lane and/or unsafely moving from a lane.[6]

Emergency responders transported Ms. Tjokrowidjojo to the hospital.[7] The accident resulted in Ms. Tjokrowidjojo suffering a cervical injury, lumbar injury, left thumb injury, left hand injury, cervical radiculopathy, lumbar radiculopathy, and an impairment of her hearing capacity/potential.[8] Ms. Tjokrowidjojo incurred hospital and medical expenses, and she continues to require medical treatment.[9] Ms. Tjokrowidjojo sues Mr. San Lucas and Real Trucking, Inc. for negligence and recklessness, seeking compensatory and punitive damages.[10]

II.     Analysis

Real Trucking, Inc. and Mr. San Lucas move to dismiss Ms. Tjokrowidjojo's "claims of punitive damages" under Federal Rule of Civil Procedure 12(b)(6).[11] Mr. San Lucas and Real Trucking, Inc. further ask us to either: (1) order Ms. Tjokrowijojo to make a more definite statement of the allegations in paragraphs 41(h), 41(k), 41(q), 41(r), 41(s), 41(t), 44(h), 44(k), 44(q), 44(r), 44(s), and 44(t) of the amended Complaint under Federal Rule of Civil Procedure 12(e);[12] or (2) strike the allegations in these paragraphs under Federal Rule of Civil Procedure

12(f).[13] We deny Mr. San Lucas's and Real Trucking's motion in its entirety.

> A. **We deny Mr. San Lucas's and Real Trucking's motion to dismiss Ms. Tjokrowidjojo's prayer for punitive damages.[14]**

We deny Mr. San Lucas's and Real Trucking's motion to dismiss Ms. Tjokrowidjojo's prayer for punitive damages, finding dismissal premature at this early stage of litigation.

We apply Pennsylvania substantive law in this case invoking our subject matter jurisdiction based upon the diversity of the parties.[15] "In Pennsylvania, punitive damages are available as a remedy for negligence actions where '(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and . . . (2) he acted, or failed to act, . . . in conscious disregard for that risk.'"[16] "This remedy is only available 'in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.'"[17] "As a general rule, the courts have deemed . . . motions to dismiss punitive damages claims to be premature and inappropriate where . . . the complaint alleges reckless conduct."[18]

We are guided by Judge Pappert's analysis in recently denying a motion to dismiss a punitive damages claim where the defendant driver used a cellphone while driving in *Simpson v. Buchanan*.[19] In *Simpson*, the plaintiff alleged she observed the driver in her rearview mirror "looking down and . . . not paying attention to the roadway."[20] The plaintiff beeped her horn and tried to avoid the defendant but the defendant nevertheless crashed into her.[21] After the collision, the defendant said, "I'm sorry, I wasn't paying attention."[22] Judge Pappert held, "[t]aking these facts as true, a reasonable jury could conclude that if [the defendant] was actually looking down and texting at the time of the collision, she was operating the vehicle in a reckless manner sufficient to give rise to an award of punitive damages."[23] He reiterated the import of deferring to allegations in the early stage of the litigation and reminded the parties they would have the opportunity to renew their arguments at summary judgment.[24]

Chief Judge Hornak reached a similar conclusion in *Scott v. Burke*.[25] In *Scott*, a tractor-trailer driver struck another car while using a cell phone, killing one of the passengers and severely injuring one of her children.[26] Chief Judge Hornak denied the defendants' motion to dismiss the punitive damages claim holding "[t]aking plaintiff's allegations as true, there exists what at this point is at least a plausible claim for punitive damages against both Defendants."[27] He explained, "[a] reasonable jury could conclude, if [the driver], was indeed using his cell phone at the time of the accident, that he was operating his vehicle with reckless indifference to the rights of others and a jury could conclude that UPS recklessly allowed him to do so."[28] Chief Judge Hornak, like Judge Pappert, emphasized the early stage of the litigation and reminded the parties they could renew these arguments at summary judgment after discovery.[29]

Mr. San Lucas and Real Trucking cite Magistrate Judge Sitarski's decision in *Piester v. Hickey*[30] to argue allegations of cell phone usage do not, on their own, support a claim for punitive damages. In *Piester*, the defendant looked at his phone while driving a Ford F150 and struck the plaintiff.[31] The defendant moved to dismiss the claims for punitive damages, and Magistrate Judge Sitarski granted the motion.[32] Magistrate Judge Sitarski noted, "there is very limited case law analyzing this specific issue" and looked to the Pennsylvania Court of Common Pleas' decision in *Xander v. Kiss*.[33] She explained, "the *Xander* court concluded that a properly-pled punitive damages claim requires *additional* facts, such as well-pled allegations that defendant exceeded the posted speed limit, or disregarded traffic signals, or otherwise drove erratically."[34] Magistrate Judge Sitarski determined the allegation the defendant "looked at his cell phone just before driving into the rear of [plaintiff's car] did not support a claim for punitive damages."[35] We respectfully decline to apply this analysis to the freightliner driver looking at this cell phone and continuing to drive for about thirty seconds after the collision not knowing he

4

hit Ms. Tjokrowidjojo's car and continued to move her car.

Ms. Tjokrowidjojo states a claim for punitive damages at this early stage of litigation. Mr. San Lucas used his cellphone while operating a commercial freightliner. He then either drifted into the wrong lane or forgot to signal, causing him to hit Ms. Tjokrowidjojo. He was distracted enough to not realize he had hit and continued to push her car. While discovery into the moments leading up to the accident and Mr. San Lucas's mental state may prove Mr. San Lucas did not act recklessly or even negligently, Ms. Tjokrowijojo has pleaded sufficient facts to withstand a motion to dismiss under *Twombly*. As Judge Pappert and Chief Judge Hornak also noted in *Simpson* and *Scott*, we remind the defendants they will have the opportunity to renew this argument at summary judgment. We decline to adopt a categorical rule allegations a driver recklessly violated the traffic laws while using a cell phone and operating a commercial freightliner are insufficient to state a claim for punitive damages absent guidance from the Pennsylvania Supreme Court or the Pennsylvania Superior Court on the availability of punitive damages in this context or from our Court of Appeals on the pleading standard under Federal Rule of Civil Procedure 12(b)(6) in a similar context, particularly given the endless opportunities for distraction smartphones provide.

**B. We deny Mr. San Lucas and Real Trucking's motion for a more definite statement.**

Mr. San Lucas and Real Trucking move for a more definite statement of the allegations Mr. San Lucas acted negligently or recklessly by:

- "Operating his tractor trailer in a negligent and careless manner without due regard for the rights and safety of the Plaintiff" (Paragraphs 41(h) & 44(h));
- "Failing to abide by the Federal Motor Carrier Safety Regulations as it applies to hours of service" (Paragraph 41(k) & 44(k));
- "Utilizing a cell phone while operating a tractor trailer in direct violation of the Federal Motor Carrier Safety Regulations (Paragraph 41(q) & 44(q));
- "Acting with a conscious disregard for the rights and safety of the Plaintiff"

5

(Paragraph 41(r) & Paragraph 44(r));
- "Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations" (Paragraph 41(s) & Paragraph 44(s));
- "Violating the applicable rules, regulations, and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units." (Paragraph 41(t) & Paragraph 44(t))

Mr. San Lucas and Real Trucking argue these allegations are too "vague and ambiguous" for them to reasonably prepare a response. We disagree.

Under Rule 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[36] "These motions 'are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsible pleading.'"[37] "If the complaint satisfies the Rule 8(a) threshold requirement, a motion for a more definite statement will fail."[38]

Judge Wilson's analysis in *Castelli-Velez v. Moroney* is instructive. In *Castelli-Velez*, the plaintiff alleged defendant "lost control of her vehicle" causing her to strike a guardrail, spin into the other lane, and hit the plaintiff's car.[39] The plaintiff suffered several injuries and brought suit, asserting claims for recklessness and negligence and seeking punitive damages.[40] The plaintiff alleged the defendant failed to "obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinance of Harford Township, in and about operating her [sic] vehicle on the highways and roadways of the Commonwealth of Pennsylvania."[41] The defendant moved for a more definite statement, arguing the plaintiff failed to "set forth which federal, state or local statute(s) or regulation(s)" the defendant allegedly violated.[42]

Judge Wilson denied the motion, explaining the allegations, "when read in context with the rest of the complaint," made sufficiently clear plaintiff alleged the defendant violated Pennsylvania statutes prohibiting tailgating, operating a vehicle carelessly, driving too fast,

6

driving with reckless disregard for the safety of other persons, and failing to stop within the assured clear distance ahead.⁴³ She reiterated, "Rule 12(e) motions 'are generally disfavored'" and found "the context of the complaint provides the specific information [the defendant] seeks."⁴⁴ She further held, "this paragraph cannot be classified as unintelligible such that it would be virtually impossible to craft a responsive pleading."⁴⁵

We deny Mr. San Lucas and Real Trucking's motion for a more definite statement. We do not find these paragraphs to be "unintelligible such that it would be virtually impossible to craft a responsive pleading."⁴⁶ As Judge Wilson did in *Castelli-Velez*, we read the allegations in the context of the entire amended Complaint. Ms. Tjokrowidjojo alleges Mr. San Lucas failed to pay attention to the road, used his cell phone, and violated applicable traffic laws governing signaling to change lanes and/or driving within one lane. Given the disfavor of Rule 12(e) motions, we deny Mr. San Lucas's and Real Trucking's motion for a more definite statement.

### C. We deny Mr. San Lucas and Real Trucking's motion to strike.

In the alternative to seeking a more definite statement, Mr. San Lucas and Real Trucking move to strike paragraphs 41(h), 41(k), 41(q), 41(r), 41(s), 41(t), 44(h), 44(k), 44(q), 44(r), 44(s), and 44(t) of the amended Complaint. We deny their motion because these paragraphs do not contain redundant, immaterial, impertinent, or scandalous matter.

Under Federal Rule of Civil Procedure 12(f), a party can move to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."⁴⁷ This rule is "designed to reinforce the requirement in Rule 8 . . . that pleadings be simple, concise, and direct."⁴⁸ The purpose of a motion to strike should be to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters."⁴⁹ "Motions to strike should not be used to persuade a court to determine disputed questions of law."⁵⁰ "They also 'may not serve as an

avenue to procure the dismissal of all or part of a complaint.'"[51] The burden rests with the moving party to show that the challenged matter should be stricken.[52] The movant must demonstrate that the matter falls within one of the categories listed in Rule 12(f).[53] "Immaterial" matter "has no essential or important relationship to [any] claim[s] for relief." [54] "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question.[55]" And "scandalous" matter "casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court."[56]

Mr. San Lucas and Real Trucking do not identify anything we construe as immaterial, impertinent, or scandalous. These allegations pertain to the issues in question. We may have a different issue on trial admissibility but not today. We deny the motion to strike.

## III. Conclusion

We deny Mr. San Lucas's and Real Trucking's Motion to dismiss the punitive damages claim. We also deny their request for a more definite statement or to strike.

---

[1] ECF Doc. No. 30 at ¶¶ 6, 11-14.

[2] *Id.* ¶ 20.

[3] *Id.* at ¶¶ 17-18.

[4] *Id.* at ¶ 23.

[5] *Id.* ¶25.

[6] *Id.* at ¶ 29.

[7] *Id.* ¶ 28.

[8] *Id.* ¶¶ 23, 31.

[9] *Id.* at ¶¶ 20, 30, 26.

---

[10] *Id.* at 9.

[11] ECF Doc. No. 32-1 at 5-9.

[12] *Id.* at 10-14.

[13] *Id.* at 14.

[14] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw *the* reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[15] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000).

[16] *Castelli-Velez v. Moroney*, No. 20-0976, 2021 WL 978814, at *4 (M.D. Pa. Mar. 16, 2021) (quoting *Hutchinson ex rel. Hutchinson v. Luddy*, 870 A.2d 766, 772-73 (Pa. 2005)).

[17] *Id.* (quoting *Hutchinson*, 870 A.2d at 770).

[18] *Harvell v. Brumberger*, No. 19-2124, 2020 WL 6947693 at *8 (M.D. Pa. Nov. 4, 2020) *report and recommendation adopted*, 2020 WL 6946575, (M.D. Pa. Nov. 25, 2020); *see also Castelli-Velez,* 2021 WL 978814, at *4 ("Courts frequently decline to dismiss punitive damages claims where, as here, the plaintiff has alleged recklessness."); *Ortiz v. Porte Reve Transp., Inc.*, No. 15-958, 2015 WL 4078873, at *4 (M.D. Pa. July 6, 2015) ("[T]he motion to dismiss stage is not the appropriate time to differentiate between negligent and reckless conduct.").

[19] No. 20-2583, 2020 WL 4504444 (E.D. Pa. Aug. 5, 2020).

[20] *Id.* at *4.

[21] *Id.*

[22] *Id.*

9

---

[23] *Id.*

[24] *Id.*

[25] No. 13-278, 2013 WL 4648402 (W.D. Pa. Aug. 29, 2013).

[26] *Id.* at *1.

[27] *Id.* at *3.

[28] *Id.*

[29] *Id.* at *4.

[30] No. 11-4720, 2012 WL 935789 (E.D. Pa. Mar. 20, 2012).

[31] *Id.* at *1.

[32] *Id.* at *4.

[33] *Id.* (citing *Xander v. Kiss*, No. cv-2010-11945, 2012 WL 168326 (Pa. Ct. Com. Pl. Jan. 11, 2012)).

[34] *Id.* (citing *Xander*, 2012 WL 168326).

[35] *Id.*

[36] Fed. R. Civ. P. 12(e)

[37] *Castelli-Velez*, 2021 WL 978814, at*3 (quoting *Smith v. Miller*, No. 09-1176, 2010 WL 2196428, at *2 (M.D. Pa. May 26, 2010)).

[38] *Id.* (quoting *Kasteleba v. Judge*, No. 05-1739, 2006 WL 1094544, at *3 (M.D. Pa. Apr. 24, 2006)).

[39] *Id*, 2021 WL 978814, at *1.

[40] *Id.* at *1, *3.

[41] *Id.* at *4.

[42] *Id.* at **4 -*5.

[43] *Id.* at *4.

[44] *Id.* at *5.

[45] *Id.*

⁴⁶ *Id.* at *3.

⁴⁷ Fed. R. Civ. P. 12(f).

⁴⁸ *Castelli-Velez*, 2021 WL 978814, at *2 (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2020 update).)

⁴⁹ *Id.* (quoting *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012).

⁵⁰ *Id.* (citation omitted).

⁵¹ *Id.* (citation omitted).

⁵² *Id.*

⁵³ *Id.*

⁵⁴ *Id.*

⁵⁵ *Id.*

⁵⁶ *Id.*